| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' |
| Case No. | 2:17-cv-06800-CAS(AGRx) | Date | June 11, 2018 |
| Title | TROPICAL TEXTILE, INC. v. TWIN STAR WORKS, INC. ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| C. Yong Jeong | | Not Present |

**Proceedings:** PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 38, filed May 14, 2018)

## I. INTRODUCTION

On September 14, 2017, plaintiff Tropical Textile, Inc., formerly known as Joanne Fabric, Inc., filed the instant action against defendants Twin Star Works, Inc., d/b/a PacificPlex ("Twin Star"), Gozon, Inc., Ava Trinh Consulting, Inc., Anna Evers, and Does 1–10 inclusive. Dkt. 1. Plaintiff subsequently filed notices of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) as to Gozon, Inc. and Ava Trinh Consulting. Dkts. 16, 23.

On November 6, 2017, the Clerk entered default as to Twin Star pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 21.

On December 22, 2017, plaintiff filed an amended complaint against Twin Star and Evers (collectively, "defendants"), asserting claims for (1) copyright infringement; (2) vicarious copyright infringement; and (3) contributory copyright infringement. Dkt. 24 ("FAC").

On January 31, 2018, the Clerk entered default as to Evers pursuant to Rule 55(a). Dkt. 30.

On May 14, 2018, plaintiff filed a motion for default judgment against Twin Star and Evers. Dkt. 38 ("Motion"). On the same day, plaintiff filed a request for judicial notice. Dkt. 39 ("RJN").[1]

---

[1] Plaintiff requests the Court to judicially notice the fact that Evers is the Chief Executive Officer ("CEO") of Twin Star, as provided on the California Secretary of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06800-CAS(AGRx) | Date | June 11, 2018 |
| Title | TROPICAL TEXTILE, INC. v. TWIN STAR WORKS, INC. ET AL. | | |

On Jun 11, 2018, the Court held a hearing. After carefully considering plaintiff's arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is a California-based textile converter that creates or purchases exclusive rights to unique two-dimensional graphic artworks for use on textiles and garments. See FAC. Twin Star is a California corporation operating in the garment industry, and Evers is the CEO of Twin Star. Id. ¶¶ 4–5.

Plaintiff alleges that it is the owner and author of a two-dimensional artwork titled "MO-2939," (the "Subject Design"). Id. ¶ 10. Plaintiff applied for a copyright for the Subject Design from the United States Copyright Office, which was granted on May 9, 2017. Id. ¶ 11 & Ex. B. Plaintiff formatted the Subject Design for use on textiles. Id. ¶ 12.

Plaintiff asserts that Twin Star purchased, sold, marketed, advertised, and manufactured fabric and garments comprised of fabric that features an identical design (the "Accused Design") to the Subject Design. Id. ¶ 14. In particular, plaintiff alleges that Twin Star sold a "Candelabra Print Maxi Skirt" and "Ornate Filigree Print Maxi Skirt" bearing the Accused Design. Id. With respect to Evers, plaintiff alleges that Evers "hid behind the veil of his business entity," and that he purchased, sold, manufactured, imported, and distributed fabric and garments bearing the Accused Design. Id. ¶ 16.

Plaintiff alleges that defendants had access to the Subject Design through (1) plaintiff's showroom and design library; (2) illegally distributed copies of the Subject Designs by third-party vendors; (3) plaintiff's "strike-offs" and samples; and (4) garments in the marketplace manufactured lawfully with fabric bearing the Subject Design. Id. ¶ 13.

Plaintiff further alleges that defendants imported, produced, distributed, and sold garments bearing the Accused Design through a nationwide network of retail stores,

---

State's website. RJN at 2. The Court **GRANTS** plaintiff's request for judicial notice insofar as this fact is not subject to reasonable dispute as a fact capable of accurate determination on the California Secretary of State's website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06800-CAS(AGRx) | Date | June 11, 2018 |
| Title | TROPICAL TEXTILE, INC. v. TWIN STAR WORKS, INC. ET AL. | | |

catalogues, and online websites. Id. ¶ 21. None of defendant's offline or online sales reflect transactions that were authorized by plaintiff, and plaintiff alleges that each transaction was in violation of plaintiff's intellectual property rights. Id. ¶ 18.

Plaintiff requests injunctive relief from defendants' alleged infringement, disgorgement of profits, statutory damages and attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq., costs of litigation, and pre-judgment interest. See FAC.

### III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, No. CV03–6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06800-CAS(AGRx) | Date | June 11, 2018 |
| Title | TROPICAL TEXTILE, INC. v. TWIN STAR WORKS, INC. ET AL. | | |

## IV. DISCUSSION

Plaintiff requests the Court to enter default judgment against defendants pursuant to Federal Rule of Civil Procedure 55(b), and argues that default judgment is warranted under the Eitel factors. See Motion.

### A. Application of the Eitel Factors

#### 1. Possibility of Prejudice to the Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Phillip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Given defendants' failure to respond and defend this suit, it appears that plaintiff would be prejudiced if denied a remedy against them. As a result, the first Eitel factor weighs in favor of the entry of default judgment

#### 2. Substantive Merits and Sufficiency of the Claims

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

##### a. Copyright Infringement

Plaintiff seeks relief for copyright infringement in violation of 17 U.S.C. §§ 101 et seq. To establish infringement, plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of a work that are original. See Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). "Registration is prima facie evidence of the validity of a copyright." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 488–89

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-06800-CAS(AGRx) | Date | June 11, 2018 |
| Title | TROPICAL TEXTILE, INC. v. TWIN STAR WORKS, INC. ET AL. | | |

(9th Cir. 2000). Copying may be established by a showing that the works are substantially similar in their protected elements and that the infringing party had access to the copyrighted work. See Rice, 330 F.3d at 1174 (quoting Metcalf v. Bochco, 294 F.3d 1069, 1072 (9th Cir. 2002)). Alternatively, copying may also be established without a showing of access by demonstrating that the works are "strikingly similar." See Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 985 (9th Cir. 2017). "In all cases, the task is to apply logic and experience to determine if copying is the only realistic basis for the similarities at hand." Walker v. Viacom Int'l, Inc., cv-06-4931-SI, 2008 WL 2050964, at *7 (N.D. Cal. May 13, 2008) (quoting 4 Melville B. Nimmer & David Nimmer, Nimmer On Copyright, § 13.02[B] at 13-28.1).

After reviewing the FAC, the Subject Design, and the Accused Design, the Court concludes that plaintiff sufficiently alleges copyright infringement with respect to Twin Star. Plaintiff has satisfied the first element of its claim by alleging that Twin Star is the undisputed copyright holder of the Subject Design, FAC ¶¶ 10–11 & Ex. A, and by providing proof of copyright registration, FAC ¶ 11 & Ex. B. Plaintiff further alleges that the Subject Design and the Accused Design are strikingly similar or identical. FAC ¶ 16. With respect to this issue, plaintiff provided images of the Accused Design, FAC & Ex. C, which depict what appears to be a nearly identical design to the Subject Design, insofar as each element of the Accused Design appears identical to each element of the Subject Design.

In light of the above, the Court concludes that plaintiff adequately pleads a claim for copyright infringement with respect to Twin Star, and accordingly the second and third factors weigh in favor of entering default judgment.

### b. Vicarious Copyright Infringement

Plaintiff also seeks relief for vicarious copyright infringement. To establish vicarious copyright infringement, a plaintiff must demonstrate that a defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity. Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 802 (9th Cir. 2007).

The Court concludes that plaintiff sufficiently alleges a claim for vicarious copyright infringement with respect to Evers, insofar as the FAC alleges that Evers had a direct financial interest in the infringing activity, that Evers had the right and ability to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-06800-CAS(AGRx) | Date | June 11, 2018 |
| Title | TROPICAL TEXTILE, INC. v. TWIN STAR WORKS, INC. ET AL. | | |

supervise the infringing conduct, and that Evers knowingly induced and participated in the unlawful reproduction, importation, purchase, marketing, advertisement, distribution, and sales of products featuring the Accused Design. See FAC ¶¶ 27–30. Accordingly, the Court concludes that the second and third Eitel factors weigh in favor of entering default judgment with respect to plaintiff's claim for vicarious copyright infringement.

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walter v. Statewide Concrete Barrier, Inc., No. 04-cv-02559-JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2016) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

The Copyright Act provides for either actual damages, 17 U.S.C. § 504(b), or statutory damages, 17 U.S.C. § 504(c). Statutory damages are awarded at the discretion of the district court, and range from $750 to $30,000, or as much as $150,000 for willful infringement. 17 U.S.C. § 504(c)(1)–(2).

Plaintiff seeks statutory damages in the amount of $30,000 and also seeks costs and attorneys' fees in the amount of $2,932.84. Motion at 6. Plaintiff did not submit evidence regarding its lost revenues or defendant's profits. However, plaintiff was unable to review defendants' records due to their failure to appear or respond to the complaint or motion for default judgment. For that reason, "statutory damages are appropriate . . . because the information needed to prove actual damages is within the infringers' control and is not disclosed." Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1238 (E.D. Cal. April 17, 2008). Accordingly, this factor weighs in favor of the entry of default judgment.

### 4. Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. As previously explained, plaintiff adequately alleges its claim for copyright infringement. Therefore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-06800-CAS(AGRx) | Date | June 11, 2018 |
|---|---|---|---|
| Title | TROPICAL TEXTILE, INC. v. TWIN STAR WORKS, INC. ET AL. | | |

the Court concludes that no factual disputes exist that would preclude the entry of default judgment on this claim. As a result, the fifth <u>Eitel</u> factor weighs in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth <u>Eitel</u> factor considers whether defendants' default may have been the product of excusable neglect. <u>PepsiCo</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471–72. Here, there is no indication that default was entered due to defendants' excusable neglect. Defendants were properly served with summons and copies of the complaint, <u>see</u> dkts. 10, 28, and they have failed to show cause why a default judgment should not be entered against them. Accordingly, this factor weighs in favor of entering default judgment.

### 6. Policy in Favor of Decisions on the Merits

Under the seventh <u>Eitel</u> factor, the Court takes into account the strong policy favoring decisions on the merits. <u>See</u> <u>Eitel</u>, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). Of course, "this preference, standing alone, is not dispositive." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177 (internal citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. <u>Id.</u> Here, defendants' failure to retain counsel and defend this action makes a decision on the merits impractical. Thus, the seventh <u>Eitel</u> factor does not preclude the entry of default judgment against defendants.

### 7. Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining <u>Eitel</u> factors militate in favor of entering default judgment, including the merits of plaintiff's claim for copyright infringement. <u>See</u> <u>Federal Nat. Mortg. Ass'n v. George</u>, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important <u>Eitel</u> factors.") (citations omitted). Consequently, the Court concludes that it is appropriate to grant plaintiff's motion for default judgment against defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06800-CAS(AGRx) | Date | June 11, 2018 |
| Title | TROPICAL TEXTILE, INC. v. TWIN STAR WORKS, INC. ET AL. | | |

### B. Appropriate Relief

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Here, plaintiff seeks statutory damages in addition to attorneys' fees and costs. Motion at 15–16. Plaintiff asserts that the Court should award plaintiff the maximum statutory damages under § 504(c)(1) insofar as defendants' infringement saved defendants the expense of hiring designers, and insofar as defendants profited from their use of the Subject Design. Id. at 16. Moreover, plaintiff argues that it likely lost potential revenue as a result of the infringement. Id. As such, plaintiff requests the Court to award plaintiff $30,000 in statutory damages. Id.

In determining the amount of statutory damages, the district court has wide discretion. See Peer Int'l. Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990). Generally, "statutory damages should be proportional to the damages suffered by the copyright holder." Star Fabrics, Inc. v. Karma, No. 2:17-cv-03693-SVW0E, 2017 WL 6513650, at *3 (C.D. Cal. Dec. 19, 2017). Here, the Court finds that this is a straightforward case of copyright infringement. Accordingly, the Court shall award $30,000 in statutory damages.

### C. Costs and Attorneys' Fees

Under 17 U.S.C. § 505, courts have the discretion to award "the recovery of full costs" and reasonable attorneys' fees. 17 U.S.C. § 505. "Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir. 1989).

Local Rule 55–3 provides for attorneys' fees in a default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55–3. For a judgment between $10,000.01 and $50,000, the schedule of attorneys' fees allows $1,200 plus six percent of the amount over $10,000. Id. Plaintiff requests attorneys' fees in the amount of $2,400 based on the fee schedule. Motion at 16–17. Plaintiff also requests reimbursement of litigation costs in the amount of $532.84. Id. at 17. Because plaintiff's requested fees and costs abide by the schedule provided in Local Rule 55–3, the Court shall award $2,932.84 in attorneys' fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-06800-CAS(AGRx) | Date | June 11, 2018 |
| Title | TROPICAL TEXTILE, INC. v. TWIN STAR WORKS, INC. ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment. It is hereby **ORDERED** that judgment be entered in favor of plaintiff. Defendants shall be jointly and severally liable to plaintiff in the amount of $32,932.84, which is comprised of: (a) $30,000 in statutory damages for copyright infringement; (b) $2,400 in attorneys' fees; and (c) $532.84 in costs.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |